UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

FRESH DEL MONTE PRODUCE INC.,

Plaintiff and
Counterclaim Defendant,

- against -

DEL MONTE FOODS COMPANY, and
DEL MONTE CORPORATION,

Defendants and
Counterclaim Plaintiffs.

08-Civ-8718(SHS)

**DONGGUK UNIVERSITY'S REPLY MEMORANDUM OF LAW
IN SUPPORT OF ITS MOTION TO INTERVENE**

McDermott Will & Emery LLP
340 Madison Avenue
New York, New York 10017
*Attorneys for Intervenor Dongguk University*

# TABLE OF CONTENTS


Page

TABLE OF AUTHORITIES .......... (ii)

PRELIMINARY STATEMENT .......... 1

ARGUMENT .......... 2

I. the Del Monte Expert Report is properly discoverable .......... 2

II. del monte is relying on the wrong standard .......... 3

CONCLUSION .......... 8

# TABLE OF AUTHORITIES

## FEDERAL CASES

*AT&T*, 407 F.2d at 562 .......... 4

*AT&T Corp. v. Sprint Corp.*, 407 F.3d 560 .......... 4

*Cipollone v. Liggett Group, Inc.*, 785 F.2d 1108 .......... 5

*In re Ethylene Propylene Diene Monomer (EPDM) Antitrust Litigation*, 255 F.R.D. 308 .......... 2

*Martindell v. International Telegraph And Telegraph Corp.*, 594 F.2d 291 .......... 3

*SBC v. The Street.Com*, 273 F.3d 222 .......... 5

## DOCKETED CASES

*Cartier, Inc. v. Four Star Jewelry Creations, Inc.*, No. 01-11295 .......... 1

*Int. Equity Investment, Inc. v. Opportunity Equity Partners, Ltd.*, Civ. No. 05-2745, 2010 WL 779314 .......... 1

*Schiller v. City of New York*, No. 04-7922, 2007 WL 136149 .......... 2

## PRELIMINARY STATEMENT

This Reply Memorandum of Law is submitted on behalf of Dongguk University ("Dongguk") in further support of its Motion to Intervene.

In their continuing effort to avoid production of the Simonson *Del Monte* Expert Report,[1] the Del Monte defendants continue to raise procedural hurdles, which they contend defeat Dongguk's efforts to obtain that Report. Not surprisingly, at no point in their brief do the Del Monte defendants ever address the core issue raised in the Connecticut Action.

As stated in the August 17, 2011 Weiner Affidavit, the core and only substantive issue legitimately before this Court is whether the Simonson *Del Monte* Expert Report is in fact confidential irrespective of whether it has been designated as "Confidential-Attorneys' Eyes Only" in the *Del Monte* Action. It must be noted that the Del Monte defendants do not dispute any of the facts set forth in the Weiner Affidavit.

As explained in paragraph 7 of the Weiner Affidavit, Magistrate Judge Holly Fitzsimmons has already determined in the Connecticut Action that Dr. Itamar Simonson must produce to Dongguk copies of all expert reports prepared by him which are in his possession. As further explained in paragraph 11 of the Weiner Affidavit, with the exception of the *Del Monte* Expert Report, Dr. Simonson has produced all of the expert reports in his possession.

As also explained in paragraph 18 of the Weiner Affidavit, the only reason why the *Del Monte* Expert Report was not produced was because of the confidentiality objection posed by the Del Monte defendants. As set forth in Exhibit I to the Weiner Affidavit, in making the objection, the Del Monte defendants argued that the issue of whether the *Del Monte* Expert Report should

[1] The terms that were defined in Dongguk's initial memorandum of law will be used herein.

be produced is an issue that must be determined by this Court and not by Magistrate Fitzsimmons. Since Magistrate Fitzsimmons agreed with this position, Dongguk is now seeking to intervene in this action for the sole purpose of challenging the Del Monte defendants' confidentiality objection.

In order to resolve the Del Monte defendants' confidentiality objection, one would have expected the Del Monte defendants to submit the *Del Monte* Expert Report to the Court so the Court could make its own determination as to whether the *Del Monte* Expert Report is in fact confidential. The Del Monte defendants have not done so and they have not done so because they know full-well that there is no legitimate basis to argue that the *Del Monte* Expert Report is confidential.

Instead, they have once again attempted to prevent a judicial review of the *Del Monte* Expert Report by arguing that Dongguk should not be permitted to challenge its confidentiality designation in this Court. In so arguing, the Del Monte defendants repudiate the very case that they cited to Magistrate Firtzimmons in the Connecticut Action. For the reasons discussed below, Del Monte's procedural gymnastics must be rejected by this Court and this Court must reach the merits of the Del Monte defendants' confidentiality objections.

## ARGUMENT

### I. THE *DEL MONTE* EXPERT REPORT IS PROPERLY DISCOVERABLE

Among other things, the Del Monte defendants citing *Cartier, Inc. v. Four Star Jewelry Creations, Inc.*, No. 01-11295, WL 22227959, at *3 (S.D.N.Y. Sept. 26, 2003), argues that Dongguk does not have an "entitlement" to the *Del Monte* Expert Report. The *Cartier* decision is completely irrelevant to this case. Magistrate Fitzsimmons has already determined that the *Del Monte* Expert Report is properly discoverable and it would have been produced but for the

Del Monte defendants' confidentiality objection. Magistrate Fitzsimmons's decision that the *Del Monte* Expert Report should be produced is well-founded.

As set forth in Exhibit H to the Weiner Affidavit, Dongguk submitted an affidavit from Dr. Jacob Jacoby, which informed Magistrate Fitzsimmons that Dr. Simonson used different standards when critiquing Dr. Jacoby in this case from the ones that he used in critiquing Dr. Jacoby in the Connecticut Action. Magistrate Fitzsimmons fully understood that the use of inconsistent standards can significantly undermine the validity of Dr. Simonson's critique and that such information would be beneficial to the trier of fact in determining how much weight to give Dr. Simonson's testimony.

Dongguk submits that this is precisely why the Del Monte defendants are strenuously opposing Donnguk's application. The Del Monte defendants' concern about confidentiality is simply a pretext to avoid disclosure of Dr. Simonson's analysis of Dr. Jacoby's work.

## II. DEL MONTE IS RELYING ON THE WRONG STANDARD

As set forth in Exhibit I to the Weiner Affidavit, in their July 14, 2011 letter brief in support of their motion for a protective order in the Connecticut Action, the Del Monte defendants cited *Int. Equity Investment, Inc. v. Opportunity Equity Partners, Ltd.*, Civ. No. 05-2745, 2010 WL 779314 (S.D.N.Y. March 2, 2010). The Del Monte defendants now seek to repudiate this case because *Int. Equity* and the cases upon which it relies explain cogently and clearly the factors that a court should apply in determining whether the *Martindell* presumption should apply to Dongguk's application.

Simply stated and as explained in Dongguk's initial memorandum of law, the heightened *Marindell* standard does not apply when, as here, the supposed confidential document in question has never been designated by a court as confidential. As stated by Magistrate Francis in



DM_US 29591647-3.081817.0011

*Schiller v. City of New York*, No. 04-7922, 2007 WL 136149, at *3 (S.D.N.Y. Jan. 19, 2007), in refusing to apply the *Martindell* standard:

> Where a protective order permits the parties to designate discovery materials as "Confidential" without a showing of good cause, and one party challenges a designation made by another, the challenging party is not seeking to modify the protective order and therefore does not bear the burden of demonstrating that the confidentiality designations should be lifted.

It is undisputed that the *Del Monte* Expert Report was never designated by this Court as confidential. For that reason alone, the *Martindell* presumption should not apply.

As explained in Donnguk's initial brief, in determining whether to apply the heightened *Martindell* standard, courts have applied other factors as well in determining whether to apply the *Martindell* presumption. *See e.g., In re Ethylene Propylene Diene Monomer (EPDM) Antitrust Litigation*, 255 F.R.D. 308, 319-324 (D. Conn. 2009). Among the factors to be considered are:

(i) the scope of the confidentiality order;

(ii) the express language of the confidentiality order;

(iii) the level of inquiry by the court prior to granting the confidentiality order; and

(iv) the nature of actual reliance of the parties on the confidentiality order.

As further explained in Dongguk's initial brief, an application of these factors must also result in a finding that the *Martindell* presumption does not apply in this case.

Significantly, rather than analyze or even discuss these factors, the Del Monte defendants simply cite *Martindell* (and two other cases) and argue *ipse dixit* that the heightened *Martindell* standard must be applied to Dongguk's application. None of the cases cited by the Del Monte defendants are controlling here.

In *Martindell v. Int'l Tel. And Tel. Corp.*, 594 F.2d 291 (2d Cir. 1978), the Government sent the district court judge a letter seeking production of deposition transcripts given by witnesses in a civil action under a protective order for use in the Government's criminal investigation of the very same witnesses. The district court judge denied the letter request and the Government appealed. After chastising the Government for not serving a subpoena, the Second Circuit went on to state:

> After balancing the interests at stake, we are satisfied that, absent a showing of improvidence in the grant of a *Rule 26(c)* protective order or some extraordinary circumstance or compelling need, none of which appear here, a witness should be entitled to rely upon the enforceability of a protective order against any third parties, including the Government, and that such an order should not be vacated or modified merely to accommodate the Government's desire to inspect protected testimony for possible use in a criminal investigation, either as evidence or as the subject of a possible perjury charge. (Footnote omitted.) *Id.* at 296.

The Second Circuit then affirmed the district court's ruling.

There is no connection between *Martindell* and this case. In *Martindell,* the non-party was seeking to obtain confidential business information from a party in one proceeding in order to use the same information against the party in a criminal investigation. In deciding the case, the Second Circuit focused on whether the party who had previously provided the confidential information during discovery had done so on the basis of a reasonable expectation that the discovery would be kept confidential.

As Dongguk explained in its initial brief, in contrast to the position of the parties in *Martindell*, Dongguk has no interest in obtaining any of the Del Monte defendants' confidential business information nor is it seeking to use anything that it learns from Dr. Simonson against either of the Del Monte defendants in some other proceeding. More importantly, what Dongguk

is seeking is, by its very nature, non-confidential – an expert report prepared by Dr. Simonson that critiques Dr. Jacoby's public survey.

*AT&T Corp. v. Sprint Corp.,* 407 F.3d 560 (2d Cir. 2005), is also inapplicable to this application. In *AT&T*, an individual by the name of Drizin brought a class action against Sprint in a New York State court. In a completely separate litigation, AT&T sued Sprint in a federal court action and as a part of the discovery in the federal court action, AT&T and Sprint entered into a Protective Order.

The discovery in the state court action against Sprint closed in September 2003. In March 2004, prior to the federal action being settled, Drizin moved to intervene in the federal court action and to modify the Protective Order in order to obtain documents from Sprint that Drizin had failed to obtain in the state court action before discovery had closed. The motion to intervene was denied by the district court.

Drizin appealed to the Second Circuit. As stated by the Second Circuit, the issue before it was whether "the district court should have allowed [Drizin] to intervene because he is entitled to a modification of the Protective Order." *AT&T*, 407 F.2d at 562. In affirming the district court's decision, the Second Circuit said:

> Drizin has failed to demonstrate that the Protective Order was improvidently granted or that either extraordinary circumstances or a compelling need exist. Rather, Drizin's motion appears to be an attempt to circumvent the close of discovery in his State Court Action. *Id.*

There is nothing in *AT&T* that requires an application of the *Martindell* presumption in this case.

In *AT&T*, Drizin voluntarily sought to intervene in the federal court case and, in so doing, sought to modify a protective order so that he could obtain Sprint confidential documents for use against Sprint in the state court case after discovery had closed in that case. Here, Dongguk has

not sued the Del Monte defendants, discovery has not closed in the Connecticut Action and a Connecticut Magistrate has determined that but for the confidentiality objection, the *Del Monte* Expert Report should be produced. Moreover, Dongguk is not seeking to use Del Monte confidential documents against either of the Del Monte defendants in another litigation.

Finally, the Del Monte defendants cite *SBC v. The Street.Com*, 273 F.3d 222 (2d Cir. 2001), a case which is totally inapposite. In *Street.Com*, an online business news service intervened in the action in order to "obtain access to certain portion of two deposition transcripts that had previously been sealed by the District Court" so that it could reveal their content to the public. In determining to permit the intervenor to have access to the deposition transcripts, the district court applied the "public access to judicial documents" doctrine and the Second Circuit affirmed. Among other things, the Second Circuit noted that the witnesses who gave the deposition had no reasonable expectation of confidentiality. Thus, *Street.Com* is simply a public access case and has nothing to do with this case.

Moreover, the burden of proving confidentiality is on Dr. Simonson or the Del Monte defendants; it is not on Dongguk. As stated in *Schiller*, it is settled law that the designating party, "bears the burden of demonstrating good cause for designating *each* of the documents at issue as 'Confidential.'" *Schiller, supra* at *16-17; *see also Cipollone v. Liggett Group, Inc.,* 785 F. 2d 1108, 1122 (3d Cir. 1986) ("burden of justifying the confidentiality of each and every document. . .remains on the [designating party]; any other conclusion would turn *Rule 26* on its head.") Neither Dr. Simonson nor the Del Monte defendants have met this burden in this Court or in the Connecticut Action.

## CONCLUSION

For the foregoing reasons, Dongguk University respectfully requests that this Court enter an order allowing Dongguk to intervene in the *Del Monte* case for the limited purpose of challenging the Del Monte defendants' assertion that Dr. Simonson's expert report is confidential under the Court's Protective Order and that the Court direct the Del Monte defendants to remove the confidential designation from the *Del Monte* Expert Report.

Dated: September 8, 2011

**McDERMOTT WILL & EMERY LLP**

By: ______________________

Robert A. Weiner
Audrey Lu
340 Madison Avenue
New York, New York 10173
Phone: 212-547-5400
Fax: 212-547-5444
*Attorneys for Plaintiff Dongguk University*

Of Counsel:

Ira Grudberg
Law Office of Ira B. Grudberg
350 Orange Street
New Haven, CT 06511
Phone: 203-951-3720
Fax: 203-772-1691
Email: igrudberg@jacobslaw.com

**CERTIFICATE OF SERVICE**

I certify under penalty of perjury that, pursuant to 28 U.S.C. §1746, on Thursday, September 8, 2011, I served the accompanying Dongguk University's Reply Memorandum of Law in Support of Its Motion to Intervene upon all those having appeared in this matter, and in accordance with the rules of this Court.

Dated: New York, New York
September 8, 2011

Amelia J. Crowley