UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

FRESH DEL MONTE PRODUCE INC.,                    :

                                                 :

      Plaintiff and                              :          08 Civ. 8718 (SHS)
      Counterclaim Defendant,                    :

           v.                              :
                                                           ECF Case
DEL MONTE FOODS COMPANY and DEL                  :
MONTE CORPORATION,

                                                 :

      Defendants and
      Counterclaim Plaintiffs.                   :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x


## DEFENDANT'S REQUESTS TO CHARGE

      Defendants, Del Monte Food Company and Del Monte Corporation, respectfully submit the following requests to charge and accompanying verdict form pursuant to Fed. R. Civ. P. 49 and 51 and the Pre-Trial Scheduling Order of this Court dated November 2, 2011.

      Del Monte Food Company and Del Monte Corporation also respectfully request leave to submit revised or additional requests based upon the evidence adduced at trial or rulings of law the Court may render during the course of these proceedings.

## I.   PRETRIAL INSTRUCTIONS

### Jury Instruction No. 1

### EXPLANATION OF THE CASE

To help you with the evidence, I will now give you a summary of the position of the parties.

The parties in this case are plaintiff, Fresh Del Monte Produce Inc. – which the parties and I refer to as "Fresh Del Monte" – and defendants, Del Monte Foods Company and Del Monte Corporation – which the parties and I often refer to collectively as "Del Monte Foods." Fresh Del Monte is a corporation organized under the laws of the Cayman Islands, with its United States executive offices in Coral Gables, Florida. Defendant Del Monte Foods Company is a corporation organized under the laws of Delaware. Defendant Del Monte Corporation is a wholly owned subsidiary of Del Monte Foods Company, also incorporated in Delaware.

On December 5, 1989, the parties entered into a license agreement granting Fresh Del Monte rights to use the "DEL MONTE" marks on certain delineated products.

Del Monte Foods markets the following product lines bearing the "DEL MONTE" trademarks: "Orchard Select," "SunFresh," "Fruit Naturals," "SuperFruit" and "Fruit Bowls." Collectively, the parties and I will refer to these products as the "Accused Products."

Fresh Del Monte asserts that Del Monte Foods has breached the License Agreement in three ways. *First*, Fresh Del Monte asserts that by selling under the "DEL MONTE" name any fruit products that would spoil within a week or two, absent refrigeration, Del Monte Foods has violated Fresh Del Monte's exclusive rights to use the mark in connection with fresh fruit. *Second*, Fresh Del Monte alleges that by selling under the "DEL MONTE" name processed

1

products that contain pineapple, melon, berry, papaya, and banana, Del Monte Foods has interfered with Fresh Del Monte's exclusive rights to those foods. *Third*, Fresh Del Monte contends that Del Monte Foods' sale of fruit products in the produce area of supermarkets violates the contract.

Del Monte Foods, on the other hand, maintains that it has conducted its business in accordance with the License Agreement and denies that it has breached the contract. *First*, Del Monte Foods asserts that it is not selling any fresh fruit in violation of Fresh Del Monte's rights. *Second,* Del Monte Foods claims that under the contract, it retains the right to use the "DEL MONTE" marks in connection with the sale of processed fruit, including non-fresh refrigerated fruit products. *Third*, Del Monte Foods contends that nothing in the License Agreement prohibits Del Monte Foods from selling its products in the produce section.

Fresh Del Monte also claims that Del Montes' Foods' advertising is false or misleading in violation of federal law and state law because Del Monte Foods' marketing, packaging and labeling convey a message of "freshness."

Del Monte Foods contends that the advertisements and packaging challenged by Fresh Del Monte are not false or misleading. Del Monte Foods denies that its advertising has confused or is likely to confuse consumers about the products' "freshness," and notes that all of its products include ingredients showing that preservatives are added to its products. Moreover, Del Monte Foods denies that it acted in bad faith, as required for the state law claim of unfair competition.

You should listen to evidence that both sides present and decide the merits of the case based on that evidence and on the instructions of the law that I will give you at the end of the case.

## II.  POST-TRIAL INSTRUCTIONS

**Jury Instruction No. 2**

**PROVINCE OF COURT**

You have now heard all of the evidence in the case as well as the final arguments of the lawyers for the parties.  My duty at this point is to instruct you as to the law.  It is your duty to accept these instructions of law and apply them to the facts as you determine them, just as it has been my duty to preside over the trial and decide what testimony and evidence is relevant under the law for your consideration.

On these legal matters, you must take the law as I give it to you.  If any attorney has stated a legal principle different from any that I state to you in my instructions, it is my instructions that you must follow.

You should not single out any instruction as alone stating the law, but you should consider my instructions as a whole when you retire to deliberate in the jury room.  You should not, any of you, be concerned about the wisdom of any rule that I state. Regardless of any opinion that you may have as to what the law may be — or ought to be — it would violate your sworn duty to base a verdict upon any other view of the law than that which I give you.

Authority:      4 L. Sand, et al., *Modern Federal Jury Instructions:  Civil* ¶ 71-2.

**Jury Instruction No. 3**

**ROLE OF JURY**

As members of the jury, you are the sole and exclusive judges of the facts.  You pass judgment upon the evidence.  You determine the credibility of the witnesses.  You resolve such conflicts as there may be in the testimony.  You draw whatever reasonable inferences you decide to draw from the facts as you have determined them, and you determine the weight of the evidence.

In determining these issues, no one may invade your province or functions as jurors.  In order for you to determine the facts, you must rely upon your own recollection of the evidence.  What the lawyers have said in their opening statements, in their closing arguments, in their objections, or in their questions is not evidence.  Nor is what I may have said about a fact – or what I may say in these instructions – evidence.  In this connection, you should bear in mind that a question put to a witness is never evidence; it is only the answer which is evidence.  But you may not consider any answer that I directed you to disregard or that I directed struck from the record.  Do not consider such answers.

Since you are the sole and exclusive judges of the facts, I do not mean to indicate any opinion as to the facts or what your verdict should be.  The rulings I have made during the trial are not any indication of my views of what your decision should be as to whether or not Fresh Del Monte has proven its case.

[If applicable]:  I also ask you to draw no inference from the fact that upon occasion I asked questions of certain witnesses.  These questions were intended only for clarification or to expedite matters and certainly were not intended to suggest any opinions on my part as to the verdict you should render, or whether any of the witnesses may have been more credible than

4

any other witnesses.  You are expressly to understand that the Court has no opinion as to the verdict you should render in this case.

      As to the facts, you are the exclusive judges.  You are to perform the duty of finding the facts without bias or prejudice to any party.

Authority:     4 L. Sand, et al., *Modern Federal Jury Instructions:  Civil* ¶ 71-3.

**Jury Instruction No. 4**

**BURDEN OF PROOF:  PREPONDERANCE OF THE EVIDENCE**

Fresh Del Monte is the party with the burden of proof in this case.  On all of its claims, Fresh Del Monte has the burden of proving every disputed element of its claim by a preponderance of the evidence.  If you conclude that Fresh Del Monte has failed to establish its claim by a preponderance of the evidence, you must decide against Fresh Del Monte on the issue you are considering.

What does a "preponderance of evidence" mean?  To establish a fact by a preponderance of the evidence means to prove that the fact is more likely true than not true.  A preponderance of the evidence means the greater weight of the evidence.  It refers to the quality and persuasiveness of the evidence, not to the number of witnesses or documents.  In determining whether a claim has been proved by a preponderance of the evidence, you may consider the relevant testimony of all witnesses, regardless of who may have called them, and all the relevant exhibits received in evidence, regardless of who may have produced them.

If you find that the credible evidence on a given issue is evenly divided between Del Monte Foods and Fresh Del Monte — that it is equally probable that one side is right as it is that the other side is right — then you must decide that issue against Fresh Del Monte.  That is because the party bearing the burden of proof must prove more than simple equality of evidence — it must prove the element at issue by a preponderance of the evidence.  On the other hand, Fresh Del Monte need prove no more than a preponderance.  So if you find that the scales tip in favor of Fresh Del Monte — that what Fresh Del Monte claims is more likely true than not true — then that element will have been proved by a preponderance of evidence.

Authority:     4 L. Sand, et al., *Modern Federal Jury Instructions:  Civil* ¶ 73-2.

**Jury Instruction No. 5**

**WHAT IS AND IS NOT EVIDENCE**

The evidence in this case is the sworn testimony of the witnesses, the exhibits received in evidence, stipulations, and judicially noticed facts.

By contrast, the question of a lawyer is not to be considered by you as evidence.  It is the witnesses' answers that are evidence, not the questions.  At times, a lawyer on cross-examination may have incorporated into a question a statement which assumed certain facts to be true, and asked the witness if the statement was true.  If the witness denied the truth of a statement, and if there is no direct evidence in the record proving that assumed fact to be true, then you may not consider it to be true simply because it was contained in the lawyer's question.

Testimony that has been stricken or excluded is not evidence and may not be considered by you in rendering your verdict.  Also, if certain testimony was received for a limited purpose — such as for the purpose of assessing a witness' credibility — you must follow the limiting instructions I have given.

Arguments by lawyers are not evidence, because the lawyers are not witnesses.  What they have said to you in their opening statements and in their summations is intended to help you understand the evidence to reach your verdict.  However, if your recollection of the facts differs from the lawyers' statements, it is your recollection which controls.

Exhibits which have been marked for identification may not be considered by you as evidence until and unless they have been received in evidence by the court.  To constitute evidence, exhibits must be received in evidence.  Exhibits marked for identification but not admitted are not evidence, nor are materials brought forth only to refresh a witness' recollection.

Finally, statements which I may have made concerning the quality of the evidence do not constitute evidence.

It is for you alone to decide the weight, if any, to be given to the testimony you have heard and the exhibits you have seen.

Authority:        4 L. Sand, et al., *Modern Federal Jury Instructions:  Civil* ¶ 74-1.

**Jury Instruction No. 6**

**DIRECT AND CIRCUMSTANTIAL EVIDENCE**

There are two types of evidence which you may properly use in reaching your verdict.

One type of evidence is direct evidence. Direct evidence is when a witness testifies about something he or she knows by virtue of his or her own senses – something he or she has seen, felt, touched, or heard. Direct evidence may also be in the form of an exhibit where the fact to be proved is its present existence or condition.

Circumstantial evidence is evidence which tends to prove a disputed fact by proof of other facts. There is a simple example of circumstantial evidence which is often used in this courthouse.

Assume that when you came into the courthouse this morning the sun was shining and it was a nice day. Assume that the courtroom blinds were drawn and you could not look outside. As you were sitting here, someone walked in with an umbrella which was dripping wet. Then a few minutes later another person also entered with a wet umbrella. Now, you cannot look outside of the courtroom and you cannot see whether or not it is raining. So you have no direct evidence of that fact. But on the combination of facts which I have asked you to assume, it would be reasonable and logical for you to conclude that it had been raining.

That is all there is to circumstantial evidence. You infer on the basis of reason and experience and common sense from one established fact the existence or non-existence of some other fact.

Circumstantial evidence is of no less value than direct evidence, for it is a general rule that the law makes no distinction between direct evidence and circumstantial evidence but simply requires that your verdict must be based on all the evidence presented.

Authority:      4 L. Sand, et al., *Modern Federal Jury Instructions:  Civil* ¶ 74-2.

**Jury Instruction No. 7**

**DEPOSITIONS**

Some of the testimony before you is in the form of depositions which have been received in evidence.  A deposition is simply a procedure where the attorneys for one side may question a witness or an adversary party under oath before a court stenographer prior to trial.  This is part of pretrial discovery, and each side is entitled to take depositions.  You may consider the testimony of a witness given at a deposition according to the same standards you would use to evaluate the testimony of a witness given at trial.

Authority:      4 L. Sand, et al., *Modern Federal Jury Instructions:  Civil* ¶ 74-14.

**Jury Instruction No. 8**

**INFERENCES DEFINED**

During the trial you have heard the attorneys use the term "inference," and in their arguments they have asked you to infer, on the basis of your reason, experience, and common sense, from one or more established facts, the existence of some other fact.

An inference is not a suspicion or a guess.  It is a reasoned, logical conclusion that a disputed fact exists on the basis of another fact which has been shown to exist.

There are times when different inferences may be drawn from facts, whether proved by direct or circumstantial evidence.  Fresh Del Monte asks you to draw one set of inferences, while Del Monte Foods asks you to draw another.  It is for you, and you alone, to decide what inferences you will draw.

The process of drawing inferences from facts in evidence is not a matter of guesswork or speculation.  An inference is a deduction or conclusion which you, the jury, are permitted to draw — but not required to draw — from the facts which have been established by either direct or circumstantial evidence.  In drawing inferences, you should exercise your common sense.

So, while you are considering the evidence presented to you, you are permitted to draw, from the facts which you find to be proven, such reasonable inferences as would be justified in light of your experience.


Authority:       4 L. Sand, et al., *Modern Federal Jury Instructions:  Civil* ¶ 75-1.

**Jury Instruction No. 9**

**EFFECT OF INFERENCE ON BURDEN OF PROOF**

The mere existence of an inference against Del Monte Foods does not relieve Fresh Del Monte of the burden of establishing its case by the relevant standard of proof.  If Fresh Del Monte is to obtain a verdict on any cause of action, you must still believe from the credible evidence that Fresh Del Monte has sustained the burden cast upon it.  If it failed to meet that burden, then your verdict must be for Del Monte Foods.  If you should find that all of the evidence is evenly balanced, then Fresh Del Monte has failed to sustain its burden of proof, and your verdict should be for Del Monte Foods.

If and only if you determine, after carefully weighing all the evidence, that the facts favor Fresh Del Monte by the standards I have articulated, then Fresh Del Monte has met its burden of proof.

Authority:      4 L. Sand, et al., *Modern Federal Jury Instructions:  Civil* ¶ 75-2.

**Jury Instruction No. 10**

**WITNESS CREDIBILITY**

You have had the opportunity to observe all the witnesses.  It is now your job to decide how believable each witness was in his or her testimony.  You are the sole judges of the credibility of each witness and of the importance of his or her testimony.

It must be clear to you by now that you are being called upon to resolve various factual issues raised by the parties in the face of very different pictures painted by both sides.  In making these judgments, you should carefully scrutinize all of the testimony of each witness, the circumstances under which each witness testified, and any other matter in evidence which may help you decide the truth and the importance of each witness' testimony.

How do you determine where the truth lies?  You watched the witness testify. Everything a witness said or did on the witness stand counts in your determination.  How did the witness impress you?  Did he or she appear to be frank, forthright and candid, or evasive and edgy as if hiding something?  How did the witness appear, what was his or her demeanor — that is, his or her carriage, behavior, bearing, manner and appearance while testifying?  Often it is not what a person says but how he or she says it that moves us.

You should use all the tests for truthfulness that you would use in determining matters of importance to you in your everyday life.  You should consider any bias or hostility the witness may have shown for or against any party as well as any interest the witness has in the outcome of the case.  You should consider the opportunity the witness had to see, hear, and know the things about which he testified, the accuracy of his memory, his candor or lack of candor, his intelligence, the reasonableness and probability of his testimony and its consistency or lack of consistency and its corroboration or lack of corroboration with other credible testimony.

In other words, what you must try to do in deciding credibility is to size up a witness in light of his or her demeanor, the explanations given and all of the other evidence in the case. Always remember that you should use your common sense, your good judgment and your own life experience.

Authority:      4 L. Sand, et al., *Modern Federal Jury Instructions:  Civil* ¶ 76-1.

**Jury Instruction No. 11**

**BIAS**

In deciding whether to believe a witness, you should specifically note any evidence of hostility or affection which the witness may have towards one of the parties.  Likewise, you should consider evidence of any other interest or motive that the witness may have in cooperating with a particular party.

It is your duty to consider whether the witness has permitted any such bias or interest to color his testimony.  In short, if you find that a witness is biased, you should view his or her testimony with caution, weigh it with care and subject it to close and searching scrutiny.

Authority:      4 L. Sand, et al., *Modern Federal Jury Instructions:  Civil* ¶ 76-2.

**Jury Instruction No. 12**

**IMPEACHMENT BY PRIOR INCONSISTENT STATEMENT**

You may have heard evidence that at some earlier time the witness has said or done something which counsel argues is inconsistent with the witness' trial testimony.

Evidence of a prior inconsistent statement is not to be considered by you as affirmative evidence in determining liability.  Evidence of a prior inconsistent statement was placed before you for the more limited purpose of helping you decide whether to believe the trial testimony of the witness who contradicted himself or herself.  If you find that the witness made an earlier statement that conflicts with his or her trial testimony, you may consider that fact in deciding how much of his or her trial testimony, if any, to believe.

In making this determination, you may consider whether the witness purposely made a false statement or whether it was an innocent mistake; whether the inconsistency concerns an important fact, or whether it had to do with a small detail; whether the witness had an explanation for the inconsistency, and whether that explanation appealed to your common sense.

It is exclusively your duty, based upon all the evidence and your own good judgment, to determine whether the prior statement was inconsistent, and if so how much, if any, weight to give to the inconsistent statement in determining whether to believe all or part of the witness' testimony.


Authority:      4 L. Sand, et al., *Modern Federal Jury Instructions:  Civil* ¶ 76-5.

**Jury Instruction No. 13**

**EXPERT WITNESSES — GENERALLY**

You have heard testimony from experts.  An expert is allowed to express his opinion on those matters about which he or she has special knowledge and training.  Expert testimony is presented to you on the theory that someone who is experienced in the field can assist you in understanding the evidence or in reaching an independent decision on the facts.

In weighing the expert's testimony, you may consider the expert's qualifications, his or her opinions, his or her reasons for testifying, as well as all of the other considerations that ordinarily apply when you are deciding whether or not to believe a witness' testimony.  You may give the expert testimony whatever weight, if any, you find it deserves in light of all the evidence in this case.  You should not, however, accept this witness' testimony merely because he or she is an expert.  Nor should you substitute it for your own reason, judgment, and common sense. The determination of the facts in this case rests solely with you.

Authority:      4 L. Sand, et al., *Modern Federal Jury Instructions:  Civil* ¶ 76-9.

**Jury Instruction No. 14**

**CONFLICTING EXPERT TESTIMONY**

You have heard testimony of two experts – Dr. Itamar Simonson and Jacob Jacoby– who have been called by either side to give their opinion about whether or not any representation by Del Monte Foods was false or misleading.  You also heard testimony from W. Frank Dell to give his opinion about the supermarket industry.  These experts testified in order to assist you in reaching a decision on Fresh Del Monte's claims of false advertising and unfair competition.  In addition, you have heard the testimony of two other experts –Laura Stamm and Scott Phillips– who have been called by either side to give their opinion about whether Fresh Del Monte has suffered damages as a direct result of alleged conduct by Del Monte Foods.

In both cases, the testimony of the experts is in conflict.  The experts disagree.  It may seem strange to you that you are called upon to resolve a conflict between experts who disagree.  But you must remember that you are the sole trier of the facts and the testimony of these experts relates to questions of fact; so, it is your job to resolve the disagreement.

The way you resolve the conflict between experts is the same way that you decide other fact questions and the same way you decide whether to believe ordinary witnesses.  In addition, since they gave expert opinions, you should consider the soundness of each expert's opinion, reasons for his or her opinion and his or her motive, if any, for testifying.

You may give the testimony of each expert such weight, if any, that you think it deserves, in light of all the evidence.  You should not permit an expert's testimony to be a substitute for your own reason, judgment and common sense.

You may reject the testimony of any expert in whole or in part, if you conclude the

reasons given in support of an opinion are unsound or, if you, for other reasons, do not believe the expert witness. The determination of the facts in this case rests solely with you.

Authority:     4 L. Sand, et al., *Modern Federal Jury Instructions:  Civil* ¶ 76-10.

## Jury Instruction No. 15

## BREACH OF CONTRACT

### The Elements

Fresh Del Monte claims that Del Monte Foods breached the License Agreement.  The burden is on Fresh Del Monte to prove by a preponderance of the evidence that Del Monte Foods breached the License Agreement.  To prevail on its claim for breach of contract, Fresh Del Monte must show by a preponderance of the evidence:  (1) that Fresh Del Monte and Del Monte Foods formed a contract, which in this case is undisputed; (2) that Fresh Del Monte performed according to the License Agreement, which in this case is undisputed; (3) that Del Monte Foods did not perform as it was required to under the License Agreement; and (4) that as a result Fresh Del Monte suffered damages.

If you conclude that Fresh Del Monte has failed to establish any single element of its breach of contract claim by a preponderance of the evidence, you must decide against Fresh Del Monte and return a verdict in favor of Del Monte Foods on this claim.  If you find from your consideration of all the evidence that Fresh Del Monte has proven all the elements of its breach of contract claim, you must find in favor of Fresh Del Monte on this claim.

I will now instruct you on the third and fourth elements of this claim, as the parties do not dispute the first and second elements.

Authority:      *Sea Trade Co. Ltd. v. FleetBoston Fin. Corp.*, No. 03 Civ. 10254 (JFK), 2008 WL 4129620, at *18, (S.D.N.Y. Sept. 4, 2008); *N.Y. Pattern Jury Instr. -- Civil* 4:1 cmt.

**Jury Instruction No. 16**

**BREACH OF CONTRACT**

**Breach**

The first element of its breach of contract claim that Fresh Del Monte must prove by a preponderance of the evidence is that Del Monte Foods failed to perform its obligations under the License Agreement.

Plaintiff makes three claims for breach of contract:  (1) that Del Monte Foods' use of the "DEL MONTE" marks on the Accused Products violates Fresh Del Monte's exclusive rights to use the trademarks in connection with fresh fruit or produce; (2) that the License Agreement prohibits Del Monte Foods from using the "DEL MONTE" trademarks on processed refrigerated pineapple, melon, berry, papaya, banana, and other fruit products; and (3) that the License Agreement prohibits Del Monte Foods from selling its products in the refrigerated produce section.

Authority:    *Williston on Contracts* §§ 30:2, 30:7, 32:3, 32:5, 32:7, 32:11 (4th ed.); [UCC § 2-208(1)] *Restatement (Second) of Contracts* §223.

## Jury Instruction No. 17

## DAMAGES

## Consider Damages Only if Necessary

If Fresh Del Monte has proven by a preponderance of the credible evidence that Del

Monte Foods is liable for breach of contract, then you must determine the damages, if any, to

which Fresh Del Monte is entitled.  However, you should not infer that Fresh Del Monte is

entitled to recover damages merely because I am instructing you on the elements of damages.  It

is exclusively your function to decide upon liability, and I am instructing you on damages only

so that you will have guidance should you decide that Fresh Del Monte is entitled to recovery.


Authority:      4 L. Sand, et al., *Modern Federal Jury Instructions:  Civil* ¶ 77-1.

**Jury Instruction No. 18**

**DAMAGES FOR BREACH OF CONTRACT**

**Compensatory Nature of Damages**

The purpose of the law of damages is to award, as far as possible, just and fair compensation for the loss, if any, which resulted from the defendant's violation of the plaintiff's rights. These are known as ''compensatory damages.'' Compensatory damages seek to make the plaintiff whole – that is, to compensate him or her for the damage suffered. Damages for a breach of contract should place the wronged party in as good a position as that party would have been if the breaching party had fully performed its obligations under the contract.

A party injured by a breach of contract will be fully compensated by an award of damages that will place it in the position it would have been in if the contract had been fully performed. It is not entitled to recover damages in any greater amount. Therefore, you may not award Fresh Del Monte damages that will place it in a better position than it would have been in had Del Monte Foods fully performed all of its obligations under the contract.

I remind you that you may award compensatory damages only for injuries that Fresh Del Monte proves were proximately caused by Del Monte Foods' allegedly wrongful conduct, and not those caused by any other factors. The damages that you award must be fair and reasonable, neither inadequate nor excessive. You should not award compensatory damages for speculative injuries, but only for those injuries that Fresh Del Monte has actually suffered or which it is reasonably likely to suffer in the near future.

In awarding compensatory damages, if you decide to award them, you must be guided by dispassionate common sense. Computing damages may be difficult, but you must not let that

difficulty lead you to engage in arbitrary guesswork.  On the other hand, the law does not require a plaintiff to prove the amount of his or her losses with mathematical precision, but only with as much definiteness and accuracy as the circumstances permit.

In all instances, you are to use sound discretion in fixing an award of damages, drawing reasonable inferences where you deem appropriate from the facts and circumstances in evidence. In all instances, you are to use sound discretion in fixing an award of damages, drawing reasonable inferences where you deem appropriate from the facts and circumstances in evidence.

You may find that Fresh Del Monte is entitled to damages awards under multiple claims. However, you may not award compensatory damages more than once for the same injury or harm.  Fresh Del Monte is only entitled to be made whole once, and may not recover more than what was lost.  Of course, if you find that different injuries are attributed to the separate claims, then you must compensate Fresh Del Monte fully for all injuries.

Authority:     4 L. Sand, et al., *Modern Federal Jury Instructions:  Civil* ¶¶ 77-3, 77-2; *N.Y. Pattern Jury Instr. -- Civil* 4:20 cmt.

## Jury Instruction No. 19

## DAMAGES FOR BREACH OF CONTRACT

### Recovery Limited to Damages Proximately and Directly Caused by Breach

If you find that Fresh Del Monte has proven that Del Monte Foods breached the License Agreement, you should award Fresh Del Monte sufficient damages to compensate it for any injury proximately caused by Del Monte Food's breach.  You may not award damages merely because you find a breach.  Fresh Del Monte must prove that the breach of contract proximately caused the damages claimed.  Fresh Del Monte must prove its damages by a preponderance of the evidence.

Fresh Del Monte is only entitled to recover damages for loss or harm that was caused by Del Monte Food's breach of the License Agreement.  A breach of contract is considered to have caused a loss or harm if it was a substantial factor in bringing it about.  Therefore, you may not award Fresh Del Monte damages for any loss unless you find that Del Monte Food's breach was a substantial factor in bringing about that loss.  If the injury that Fresh Del Monte suffered would have happened even if Del Monte Foods had fully performed under the License Agreement, then any breach by Del Monte Foods cannot be considered in law to be a substantial factor in bringing about that loss or harm and therefore cannot be considered to be a cause of that loss or harm.

The damages you award must be only for those injuries that Fresh Del Monte has proven by a preponderance of the evidence were proximately caused by Del Monte Food's breach.  You may not award damages for injuries that are speculative.

Authority:      4 L. Sand, et al., *Modern Federal Jury Instructions:  Civil* ¶¶ 77-3; *N.Y. Pattern Jury Instr. -- Civil* 4:20 cmt.

## Jury Instruction No. 20

## DAMAGES FOR BREACH OF CONTRACT

### Recovery Limited to Foreseeable Damages

Fresh Del Monte is only entitled to recover those damages that naturally flow from any breach of contract for which you find Del Monte Foods liable, and in addition, those damages that can fairly be said to have been reasonably contemplated by the parties in the event of breach. Thus, Del Monte Foods can only be liable for the damages which a person in its position at the time the contract was made, acting reasonably and prudently, should have understood as probable in the event of a breach. A party to a contract can be expected to understand that a particular type of harm is actually discussed or considered at the time the contract is made, or when it is the type of loss that usually results from the kind of breach that occurred.

The test of foreseeability is objective, not subjective. The test is satisfied if the loss or harm was either (1) within the contemplation of the parties when the contract was made; (2) would ordinarily or naturally result from a breach of the type of contract involved; or (3) was likely to result form a breach of the particular contract at issue because of special facts or circumstances of which the defendant knew or should have known.

Authority:      4 L. Sand, et al., *Modern Federal Jury Instructions:  Civil* ¶¶ 77-3, 77-2; *N.Y. Pattern Jury Instr. -- Civil* 4:20 cmt.

**Jury Instruction No. 21**

**FALSE ADVERTISING UNDER THE FEDERAL LANHAM ACT**

Fresh Del Monte has also asserted claims for false advertising under the federal Lanham Act.

A party asserting a false advertising claim under Section 1125(a) of the Lanham Act has the burden of proving by a preponderance of the evidence each of the following elements:

1.   The other party made a false or misleading statement in advertising;

2.   The statement has actually deceived or has the capacity to deceive a substantial portion of the target audience;

3.   The statement is material in that it is likely to influence purchasing decisions;

4.   As a result of the statement, the party asserting the claim has been injured, or is likely to be injured; and

5.   The statement was made in interstate commerce.

Authority:   *Johnson & Johnson Vision Care, Inc. v. CIBA Vision Corp.*, 348 F. Supp. 2d 165, 177-78 (S.D.N.Y. 2004); *Spotless Enter., Inc. v. Carlisle Plastics, Inc.*, 56 F. Supp. 2d 274, 277-78 (E.D.N.Y. 1999); *Autoinfo, Inc. v. Hollander Pub. Co.*, 1991 WL 64190, *4 (S.D.N.Y. 1991).

**Jury Instruction No. 22**

**FALSE ADVERTISING – FALSITY**

The first element of a false advertising claim that the claimant must prove by a preponderance of the evidence is that the other party made a false or misleading statement of fact in advertising.

A statement is false under the Lanham Act if it is either (i) literally false or (ii) misleading, otherwise known as impliedly false.

In order to be literally false, the statement must contain an unambiguous message that is false on its face.

A statement is impliedly false if it misleads or confuses the target audience.  For example, to prevail under an implied falsity theory, Fresh Del Monte must prove that consumers who purchased Del Monte Foods' Fruit Naturals were confused regarding some material aspect of that product.

Authority:    *McNeil-P.C.C., Inc. v. Bristol-Meyers Squibb Co.*, 938 F.2d 1544, 1549 (2d Cir. 1991); *Tommy Hilfiger Licensing, Inc. v. Nature Labs, LLC*, 221 F. Supp. 2d 410, 423 (S.D.N.Y. 2002); *Novo Nordisk A/S v. Becton Dickinson & Co.*, 997 F. Supp. 470, 473-74 (S.D.N.Y. 1993).

**Jury Instruction No. 23**

**FALSE ADVERTISING – DECEPTION**

The second element of a false advertising claim that must be proven by a preponderance of the evidence is that the statement has actually deceived or has the capacity to deceive a substantial portion of the intended audience.

If the jury determines that Del Monte Foods' advertisements were literally false, then the jury may presume that those literally false advertisements actually deceived the target audience. If the jury finds that a statement was literally false, Del Monte Foods may rebut this presumption of deception through evidence showing that the target audience was not deceived into believing that the products were fresh and did not contain preservatives.

If the jury determines that the advertisements were not explicitly false, then Fresh Del Monte – the party asserting the false advertising claim – must prove by a preponderance of evidence that the Del Monte Foods' customers were actually misled by the advertising into believing that the products were fresh and did not contain preservatives.  This must be proven by affirmative evidence.  The jury members cannot base their decision on their own intuitive reactions to the advertisements.

Authority:     *Johnson & Johnson * Merck Consumer Pharmaceuticals Co. v. Smithkline Beecham Corp.*, 960 F.2d 294, 297 (2d Cir. 1992).

**Jury Instruction No. 24**

**FALSE ADVERTISING – MATERIALITY**

The third element of a false advertising claim that must be proven by a preponderance of the evidence is that the statements were material.

A false statement – either expressly false or impliedly false – does not create liability under the Lanham Act unless the statement is material.  To demonstrate materiality, Fresh Del Monte must prove that Del Monte Foods' statement influenced the purchasing decisions of the target audience by making the purchaser believe that the product was fresh and did not contain preservatives.


Authority:      *Pizza Hut, Inc. v. Papa John's Internat'l, Inc.*, 227 F.3d 489, 503-04 (5th Cir. 2000); *Vidal Sassoon, Inc. v. Bristol–Myers Co.*, 661 F.2d 272, 278 (2d Cir. 1981); *Telebrands Corp. v. Wilton Indus., Inc.*, 983 F. Supp. 471, 475 (S.D.N.Y. 1997).

**Jury Instruction No. 25**

**FALSE ADVERTISING – INJURY**

The fourth element of a false advertising claim is injury.  Fresh Del Monte must establish by a preponderance of the evidence that it has been injured by, or is likely to be injured by, the false advertising statements made by Del Monte Foods.


Authority:      *Autoinfo, Inc. v. Hollander Pub. Co.*, 1991 WL 64190, *4 (S.D. N.Y. 1991).

Jury Instruction No. 26

**FALSE ADVERTISING – CAUSATION**

In addition to these elements, Fresh Del Monte must prove a causal link between the false or misleading advertising and its alleged damages.  That is, Fresh Del Monte must prove by a preponderance of the evidence that the alleged false advertising was a substantial factor in causing the injury.  Accordingly, Fresh Del Monte must give evidence tending to separate or apportion Del Monte Foods' profits and its alleged damages, between the false or misleading advertising and the other product attributes that might have driven the purchase.  Fresh Del Monte must show that it suffered actual damages that were causally related to actual consumer confusion or deception about the products being fresh.  In other words, Fresh Del Monte cannot recover for damages from the entirety of Del Monte Foods' market of the Accused Products, but is limited to only a share that fairly represents the portion attributable to the false or misleading statement.

Authority:      *Burndy Corp. v. Teledyne Indus., Inc.*, 748 F. 2d 767, 771 (2d Cir. 1984); *Playtex Prods., Inc. v. Proctor & Gamble*, 2004 WL 1658377, at *3 (S.D.N.Y. 2004); *Lucent Techs., Inc. v. Gateway, Inc.*, 580 F.3d 1301, 1336-1340 (Fed. Cir. 2009); *Inventio AG v. Otis Elevator Co.*, 2011 WL 3359705 (S.D.N.Y. June 22, 2011).

**Jury Instruction No. 27**

**FALSE ADVERTISING – INTERSTATE COMMERCE**

The final element of a false advertising claim that must be proven by a preponderance of the evidence is that the false or misleading advertising was made in interstate commerce.

**Jury Instruction No. 28**

**COMMON LAW UNFAIR COMPETITION**

The elements necessary to prevail on a claim of unfair competition essentially track those required under the Lanham Act.  Thus, Fresh Del Monte – the party asserting the unfair competition claim – has the burden of proving by a preponderance of the evidence each of the following elements:

1.      The other party made a false or misleading statement in advertising;

2.      The statement has actually deceived or has the capacity to deceive a substantial portion of the target audience;

3.      The statement is material in that it is likely to influence purchasing decisions;

4.      As a result of the statement, the party asserting the claim has been injured, or is likely to be injured.

In addition to these elements, to prove a common law claim for unfair competition Fresh Del Monte must prove by a preponderance of the evidence that Del Monte Foods acted with bad faith.

Authority: *Lorillard Tobacco Co. v. Jamelis Grocery, Inc*., 378 F. Supp. 2d 448, 456-57 (S.D.N.Y. 2005); *Lang v. Ret. Living Pub. Co.,* 949 F.2d 576, 583-84 (2d Cir. 1991), *CommScope, Inc. v. Commscope (U.S.A.) Int'l Group Co*., 2011 WL 3651050, *3-4 (N.D.N.Y Aug. 18, 2011).

## Jury Instruction No. 29

### DUTY TO DELIBERATE/UNANIMOUS VERDICT

You will now return to decide the case.  In order to prevail, Fresh Del Monte must sustain its burden of proof as I have explained it to you with respect to each element of its claims.  If you find that Fresh Del Monte has succeeded, you should return a verdict in its favor on that claim. If you find that Fresh Del Monte failed to sustain its burden on any element of its claim, you should return a verdict against Fresh Del Monte.

It is your duty as jurors to consult with one another and to deliberate with a view to reaching an agreement.  Each of you must decide the case for him or herself, but you should do so only after a consideration of the case with your fellow jurors, and you should not hesitate to change an opinion when convinced that it is erroneous.  Your verdict must be unanimous, but you are not bound to surrender your honest convictions concerning the effect or weight of the evidence for the mere purpose of returning a verdict or solely because of the opinions of other jurors.  Discuss and weigh your respective opinions dispassionately, without regard to sympathy, without regard to prejudice or favor for either party, and adopt that conclusion which in your good conscience appears to be in accordance with the truth.

Again, each of you must make your own decision about the proper outcome of this case based on your consideration of the evidence and your discussions with your fellow jurors.  No juror shall surrender his conscientious beliefs solely for the purpose of returning a unanimous verdict.

Authority:      4 L. Sand, et al., *Modern Federal Jury Instructions:  Civil* ¶ 78-3.

**Jury Instruction No. 30**

**SELECTION OF A FOREPERSON**

When you retire, you should elect one member of the jury as your foreperson.  That person will preside over the deliberations and speak for you here in open court.

Authority:      4 L. Sand, et al., *Modern Federal Jury Instructions:  Civil* ¶ 78-5.

**Jury Instruction No. 31**

**RETURN OF VERDICT**

After you have reached a verdict, your foreperson will fill in the form that has been given to you, sign and date it and advise the marshal outside your door that you are ready to return to the courtroom.

I will stress that each of you should be in agreement with the verdict which is announced in court.  Once your verdict is announced by your foreperson in open court and officially recorded, it cannot ordinarily be revoked.

Authority:      4 L. Sand, et al., *Modern Federal Jury Instructions:  Civil* ¶ 78-6.

**Jury Instruction No. 32**

**SPECIAL VERDICT FORM**

I have prepared a special verdict form for you to use in recording your decision.  [The judge will review the verdict form with the jurors.]  The special verdict form is made up of questions concerning the important issues in this case.  These answers are to be answered "yes" or "no," except where you are instructed otherwise on the form.  Your answers must be unanimous and must reflect the conscientious judgment of each juror.  You should answer every question except where the form indicates otherwise.

[The proposed special verdict form is attached hereto.]

Authority:      4 L. Sand, et al., *Modern Federal Jury Instructions:  Civil* ¶ 78-9.

Dated:  January 9, 2012

Respectfully submitted,

MORRISON & FOERSTER LLP

By:  _____/s_____

LaShann M. DeArcy

1290 Avenue of the Americas
New York, NY 10104-0050
ldearcy@mofo.com

Arturo J. González
agonzalez@mofo.com
Dennis P. Orr
dorr@mofo.com

*Attorneys for Defendants*
DEBEVOISE & PLIMPTON, LLP

919 Third Avenue
New York, New York 10022
Bruce Keller
bpkeller@debevoise.com

*Attorneys for Defendants*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

FRESH DEL MONTE PRODUCE INC.,                        :


                                                     :

      Plaintiff and                                        08 Civ. 8718 (SHS)
      Counterclaim Defendant,                        :


           v.                                        :
                                                         ECF Case
DEL MONTE FOODS COMPANY and DEL                      :
MONTE CORPORATION,

                                                     :

      Defendants and
      Counterclaim Plaintiffs.                        :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x


## SPECIAL VERDICT FORM


      Members of the jury:  You are to use this special verdict form in recording your decision.  You should answer every question except where the form tells you otherwise.  Your answers must be unanimous and must reflect the conscientious judgment of each juror.

### Lanham Act and Unfair Competition Claims

### Orchard Select

1.   Has Fresh Del Monte proven by a preponderance of the evidence that the words in Del Monte Foods' packaging actually deceived or has the capacity to deceive a substantial portion of the target audience to believe that the Orchard Select products consist of fresh fruit as opposed to processed or preserved fruit?

      YES _____                    NO _____

If you answer "No" skip to Question 5.  If you answer "Yes" answer Question 2.


2.   Did Fresh Del Monte prove by a preponderance of the evidence that the alleged false or misleading packaging was a substantial factor in causing its alleged injury?

YES _____                          NO _____

If you answer "No" skip to Question 5.  If you answer "Yes" answer Question 3.


3.  Did Fresh Del Monte separate or apportion its profits and alleged damages
    between the false or misleading packaging and the other product attributes that
    might have driven the purchase of the Orchard Select products?

    YES _____                          NO _____

    If you answer "No" skip to Question 5.  If you answer "Yes" answer Question 4.


4.  What damages has Fresh Del Monte incurred as a result of this false or misleading
    packaging? _____

5.  Has Fresh Del Monte proven by a preponderance of the evidence that Del Monte
    Foods' clear plastic packaging actually deceived or has the capacity to deceive a
    substantial portion of the target audience to believe that the Orchard Select
    products consist of fresh fruit as opposed to processed or preserved fruit?

    YES _____                          NO _____

If you answer "No" skip to Question 9.  If you answer "Yes" answer Question 6.


6.  Did Fresh Del Monte prove by a preponderance of the evidence that the alleged
    false or misleading clear plastic packaging was a substantial factor in causing its
    alleged injury?

    YES _____                          NO _____

If you answer "No" skip to Question 9.  If you answer "Yes" answer Question 7.


7.  Did Fresh Del Monte separate or apportion its profits and alleged damages
    between the false or misleading clear plastic packaging and the other product
    attributes that might have driven the purchase of the Orchard Select products?

    YES _____                          NO _____

If you answer "No" skip to Question 9.  If you answer "Yes" answer Question 8.

8.   What damages has Fresh Del Monte incurred as a result of this false or misleading clear plastic packaging? _____

9.   Has Fresh Del Monte proven by a preponderance of the evidence that Del Monte Foods' advertising actually deceived or has the capacity to deceive a substantial portion of the target audience to believe that the Orchard Select products consist of fresh fruit as opposed to processed or preserved fruit?

     YES _____                        NO _____

If you answer "No" skip to Question 14.  If you answer "Yes" answer Question 10.

10.  Did Fresh Del Monte prove by a preponderance of the evidence that the alleged false or misleading advertising was a substantial factor in causing its alleged injury?

     YES _____                        NO _____

If you answer "No" skip to Question 14.  If you answer "Yes" answer Question 11.

11.  Did Fresh Del Monte separate or apportion its profits and alleged damages between the false or misleading advertising and the other product attributes that might have driven the purchase of the Orchard Select products?

     YES _____                        NO _____

If you answer "No" skip to Question 14.  If you answer "Yes" answer Question 12.

12.  What damages has Fresh Del Monte incurred as a result of this false or misleading advertising? _____

13.  Did Fresh Del Monte prove by a preponderance of the evidence that Del Monte Foods acted in bad faith in connection with the sale of Orchard Select products?

     YES _____                        NO _____

**<u>Sun Fresh</u>**

14. Has Fresh Del Monte proven by a preponderance of the evidence that the words in Del Monte Foods' packaging actually deceived or has the capacity to deceive a substantial portion of the target audience to believe that the Sun Fresh products consist of fresh fruit as opposed to processed or preserved fruit?

    YES _____                           NO _____

If you answer "No" skip to Question 18.  If you answer "Yes" answer Question 15.

15. Did Fresh Del Monte prove by a preponderance of the evidence that the alleged false or misleading packaging was a substantial factor in causing its alleged injury?

    YES _____                           NO _____

If you answer "No" skip to Question 18.  If you answer "Yes" answer Question 16.

16. Did Fresh Del Monte separate or apportion its profits and alleged damages between the false or misleading packaging and the other product attributes that might have driven the purchase of the Sun Fresh products?

    YES _____                           NO _____

If you answer "No" skip to Question 18.  If you answer "Yes" answer Question 17.

17. What damages has Fresh Del Monte incurred as a result of this false or misleading packaging? _____

18. Has Fresh Del Monte proven by a preponderance of the evidence that Del Monte Foods' clear plastic packaging actually deceived or has the capacity to deceive a substantial portion of the target audience to believe that the Sun Fresh products consist of fresh fruit as opposed to processed or preserved fruit?

    YES _____                           NO _____

If you answer "No" skip to Question 22.  If you answer "Yes" answer Question 19.

19. Did Fresh Del Monte prove by a preponderance of the evidence that the alleged clear plastic packaging was a substantial factor in causing the injury?

YES _____                         NO _____

If you answer "No" skip to Question 22.  If you answer "Yes" answer Question 20.

20. Did Fresh Del Monte separate or apportion its profits and alleged damages between the false or misleading clear plastic packaging and the other product attributes that might have driven the purchase of the Sun Fresh products?

YES _____                         NO _____

If you answer "No" skip to Question 22.  If you answer "Yes" answer Question 21

21. What damages has Fresh Del Monte incurred as a result of this false or misleading clear plastic packaging? _____

22. Has Fresh Del Monte proven by a preponderance of the evidence that Del Monte Foods' advertising actually deceived or has the capacity to deceive a substantial portion of the target audience to believe that the Sun Fresh products consist of fresh fruit as opposed to processed or preserved fruit?

YES _____                         NO _____

If you answer "No" skip to Question 26  If you answer "Yes" answer Question 23.

23. Did Fresh Del Monte prove by a preponderance of the evidence that the alleged false or misleading advertising was a substantial factor in causing the injury?

YES _____                         NO _____

If you answer "No" skip to Question 26  If you answer "Yes" answer Question 24.

24. Did Fresh Del Monte separate or apportion its profits and alleged damages between the false or misleading advertising and the other product attributes that might have driven the purchase of the Sun Fresh products?

YES _____                         NO _____

If you answer "No" skip to Question 26.  If you answer "Yes" answer Question 25.

25. What damages has Fresh Del Monte incurred as a result of this false or misleading advertising? _____

**Fruit Naturals**

26. Has Fresh Del Monte proven by a preponderance of the evidence that the words in Del Monte Foods' packaging actually deceived or has the capacity to deceive a substantial portion of the target audience to believe that the Fruit Naturals products consist of fresh fruit as opposed to processed or preserved fruit?

YES _____                         NO _____

If you answer "No" skip to Question 30.  If you answer "Yes" answer Question 27.

27. Did Fresh Del Monte prove by a preponderance of the evidence that the alleged false or misleading packaging was a substantial factor in causing its alleged injury?

YES _____                         NO _____

If you answer "No" skip to Question 30. If you answer "Yes" answer Question 28.

28. Did Fresh Del Monte separate or apportion its profits and alleged damages between the false or misleading packaging and the other product attributes that might have driven the purchase of the Fruit Naturals products?

YES _____                         NO _____

If you answer "No" skip to Question 30.  If you answer "Yes" answer Question 29.

29. What damages has Fresh Del Monte incurred as a result of this false or misleading packaging? _____

30. Has Fresh Del Monte proven by a preponderance of the evidence that Del Monte Foods' clear plastic packaging actually deceived or has the capacity to deceive a substantial portion of the target audience to believe that the Fruit Naturals products consist of fresh fruit as opposed to processed or preserved fruit?

YES _____                    NO _____

If you answer "No" skip to Question 34.  If you answer "Yes" answer Question 31.

31. Did Fresh Del Monte prove by a preponderance of the evidence that the alleged false clear plastic packaging was a substantial factor in causing the injury?

YES _____                    NO _____

If you answer "No" skip to Question 34.  If you answer "Yes" answer Question 32.

32. Did Fresh Del Monte separate or apportion its profits and alleged damages between the false or misleading clear plastic packaging and the other product attributes that might have driven the purchase of the Fruit Naturals products?

YES _____                    NO _____

If you answer "No" skip to Question 34.  If you answer "Yes" answer Question 33.

33. What damages has Fresh Del Monte incurred as a result of this false or misleading clear plastic packaging? _____

34. Has Fresh Del Monte proven by a preponderance of the evidence that Del Monte Foods' advertising actually deceived or has the capacity to deceive a substantial portion of the target audience to believe that the Fruit Naturals products consist of fresh fruit as opposed to processed or preserved fruit?

YES _____                    NO _____

If you answer "No" skip to Question 38.  If you answer "Yes" answer Question 35.

35. Did Fresh Del Monte prove by a preponderance of the evidence that the alleged false or misleading advertising was a substantial factor in causing the injury?

YES _____                    NO _____

If you answer "No" skip to Question 38.  If you answer "Yes" answer Question 36.

36. Did Fresh Del Monte separate or apportion its profits and alleged damages between the false or misleading advertising and the other product attributes that might have driven the purchase of the Fruit Naturals products?

YES _____                              NO _____

If you answer "No" skip to Question 38. If you answer "Yes" answer Question 37.

37. What damages has Fresh Del Monte incurred as a result of this false or misleading advertising? _____

**<u>Superfruit</u>**

38. Has Fresh Del Monte proven by a preponderance of the evidence that the words in Del Monte Foods' packaging actually deceived or has the capacity to deceive a substantial portion of the target audience to believe that the Superfruit products consist of fresh fruit as opposed to processed or preserved fruit?

YES _____                              NO _____

If you answer "No" skip to Question 42.  If you answer "Yes" answer Question 39.

39. Did Fresh Del Monte prove by a preponderance of the evidence that the alleged false or misleading packaging was a substantial factor in causing its alleged injury?

YES _____                              NO _____

If you answer "No" skip to Question 42.  If you answer "Yes" answer Question 40.

40. Did Fresh Del Monte separate or apportion its profits and alleged damages between the false or misleading packaging and the other product attributes that might have driven the purchase of the Superfruit products?

YES _____                              NO _____

If you answer "No" skip to Question 42.  If you answer "Yes" answer Question 41.

41. What damages has Fresh Del Monte incurred as a result of this false or misleading packaging? _____

42. Has Fresh Del Monte proven by a preponderance of the evidence that Del Monte Foods' clear plastic packaging actually deceived or has the capacity to deceive a substantial portion of the target audience to believe that the Superfruit products consist of fresh fruit as opposed to processed or preserved fruit?

YES _____                              NO _____

If you answer "No" skip to Question 46.  If you answer "Yes" answer Question 43.

43. Did Fresh Del Monte prove by a preponderance of the evidence that the alleged false or misleading clear plastic packaging was a substantial factor in causing the injury?

YES _____                              NO _____

If you answer "No" skip to Question 46.  If you answer "Yes" answer Question 44.

44. Did Fresh Del Monte separate or apportion its profits and alleged damages between the false or misleading clear plastic packaging and the other product attributes that might have driven the purchase of the Superfruit products?

YES _____                              NO _____

If you answer "No" skip to Question 46.  If you answer "Yes" answer Question 45.

45. What damages has Fresh Del Monte incurred as a result of this false or misleading clear plastic packaging? _____

46. Has Fresh Del Monte proven by a preponderance of the evidence that Del Monte Foods' advertising actually deceived or has the capacity to deceive a substantial portion of the target audience to believe that the Superfruit products consist of fresh fruit as opposed to processed or preserved fruit?

YES _____                           NO _____

If you answer "No" skip to Question 50.  If you answer "Yes" answer Question 47.

47. Did Fresh Del Monte prove by a preponderance of the evidence that the alleged
    false or misleading advertising was a substantial factor in causing its alleged
    injury?

    YES _____                           NO _____

If you answer "No" skip to Question 50.  If you answer "Yes" answer Question 48.

48. Did Fresh Del Monte separate or apportion its profits and alleged damages
    between the false or misleading advertising and the other product attributes that
    might have driven the purchase of the Superfruit products?

    YES _____                           NO _____

If you answer "No" skip to Question 50.  If you answer "Yes" answer Question 49.

49. What damages has Fresh Del Monte incurred as a result of this false or misleading
    advertising? _____

**Fruit Bowls**

50. Has Fresh Del Monte proven by a preponderance of the evidence that the words in
    Del Monte Foods' packaging actually deceived or has the capacity to deceive a
    substantial portion of the target audience to believe that the Fruit Bowls consist of
    fresh fruit as opposed to processed or preserved fruit?

    YES _____                           NO _____

If you answer "No" skip to Question 54.  If you answer "Yes" answer Question 51.

51. Did Fresh Del Monte prove by a preponderance of the evidence that the alleged
    false or misleading packaging was a substantial factor in causing the injury?

    YES _____                           NO _____

If you answer "No" skip to Question 54.  If you answer "Yes" answer Question 52.

52. Did Fresh Del Monte separate or apportion its profits and alleged damages between the false or misleading packaging and the other product attributes that might have driven the purchase of the Fruit Bowls products?

YES _____                              NO _____

If you answer "No" skip to Question 54.  If you answer "Yes" answer Question 53.

53. What damages has Fresh Del Monte incurred as a result of this false or misleading packaging? _____

54. Has Fresh Del Monte proven by a preponderance of the evidence that Del Monte Foods' clear plastic packaging actually deceived or has the capacity to deceive a substantial portion of the target audience to believe that the Fruit Bowls consist of fresh fruit as opposed to processed or preserved fruit?

YES _____                              NO _____

If you answer "No" skip to Question 58.  If you answer "Yes" answer Question 55.

55. Did Fresh Del Monte prove by a preponderance of the evidence that the alleged false or misleading clear plastic packaging was a substantial factor in causing its alleged injury?

YES _____                              NO _____

If you answer "No" skip to Question 58.  If you answer "Yes" answer Question 56.

56. Did Fresh Del Monte separate or apportion its profits and alleged damages between the false or misleading clear plastic packaging and the other product attributes that might have driven the purchase of the Fruit Bowls products?

YES _____                              NO _____

If you answer "No" skip to Question 58.  If you answer "Yes" answer Question 57.

57. What damages has Fresh Del Monte incurred as a result of this false or misleading clear plastic packaging? _____

58. Has Fresh Del Monte proven by a preponderance of the evidence that Del Monte Foods' advertising actually deceived or has the capacity to deceive a substantial portion of the target audience to believe that the Fruit Bowls consist of fresh fruit as opposed to processed or preserved fruit?

YES _____                         NO _____

If you answer "No" skip to Question 62.  If you answer "Yes" answer Question 59.


59. Did Fresh Del Monte prove by a preponderance of the evidence that the alleged false or misleading advertising was a substantial factor in causing the injury?

YES _____                         NO _____

If you answer "No" skip to Question 62.  If you answer "Yes" answer Question 60.


60. Did Fresh Del Monte separate or apportion its profits and alleged damages between the false or misleading advertising and the other product attributes that might have driven the purchase of the Fruit Bowls products?

YES _____                         NO _____

If you answer "No" skip to Question 62.  If you answer "Yes" answer Question 61.


61. What damages has Fresh Del Monte incurred as a result of this false or misleading advertising? _____


**BREACH OF CONTRACT**

62. Has Fresh Del Monte proven by a preponderance of the evidence that the License Agreement does not allow Del Monte to sell its products in a refrigerated section of a grocery store?

YES _____                         NO _____

If you answer "No" skip to Question 64.  If you answer "Yes" answer Question 63.

63. Do you find that Fresh Del Monte has proven by a preponderance of the evidence that it suffered harm as a result of the alleged breach of contract?

YES _____                           NO _____


64. Has Fresh Del Monte proven by a preponderance of the evidence that the License Agreement prohibits Del Monte Foods from producing, distributing, marketing and selling processed or preserved products, which consist of, or contain, pineapple, melon, berry, papaya, banana, and other fruit products?

YES _____                           NO _____

If you answer "No" skip to Question 66.  If you answer "Yes" answer Question 65.


65. Do you find that Fresh Del Monte has proven by a preponderance of the evidence that it suffered harm as result of the alleged breach of contract?

YES _____                           NO _____


66. Do you find that Fresh Del Monte has proven by a preponderance of the evidence that Del Monte Foods has sold "fresh" products under the Del Monte trademark in violation of the License Agreement?

YES _____                           NO _____

If you answer "No" skip to Question 68.  If you answer "Yes" answer Question 67.

67. Do you find that Fresh Del Monte has proven by a preponderance of the evidence that it suffered harm as result of the alleged breach of contract?

YES _____                              NO _____

If you answered "Yes" to Question 62, 64, or 66, answer Question 68.  Otherwise, sign and date this verdict form.

68. What damages has Fresh Del Monte incurred as result of the breach?

_____

Dated:  April ____, 2012

_____
Foreperson